## GANSEVOORT *vs.* KENNEDY & McCLAGAN.

Two partners cannot bind a third by an agreement for the dissolution of the partnership, and the repayment of the funds advanced by one of the two, to which agreement the third partner is not a party.

The fact that a promise to refund moneys advanced for the firm, is made by one of the partners to another after the latter has withdrawn from the firm, does not affect the principle.

Where a partnership is not to continue for any definite length of time, either of the partners has a right to withdraw, and thus dissolve the partnership, at any time he pleases. And whenever one does so, his rights become fixed by law.

He is liable to contribute his share, to all losses, and cannot take out the

moneys he has put into the business until after the account of profits and losses has been adjusted and settled, and the debts of the copartnership have been provided for. This each partner has the right to insist upon; and an agreement of two of the partners, to the contrary, will not bind a third who is not a party to the agreement.

APPEAL from an order made at a special term, granting a new trial. The action was brought by the plaintiff, as assignee of James R. Dales, to recover $239.34, the amount put by Dales into the firm of Kennedy & Co. In January, 1855, the defendants, John Kennedy and Jessie McClagan, entered into a copartnership agreement with James R. Dales, for the purpose of erecting certain machinery for milling purposes and making staves, and for the purpose of carrying on the business of grinding grain and making staves. In the latter part of April, 1855, Dales left the partnership, and, at the time of leaving, the plaintiff claims that John Kennedy, one of the defendants, told Dales that he, Kennedy, was willing to pay Dales for all he had in the mill. William McClagan worked for the firm at the mill, and was the general agent of the firm in transacting its business about the mill, kept the books, and it was agreed between Kennedy, Dales and William McClagan, that Dales and William McClagan should get together and settle the partnership dealings with Dales; that McClagan called on Dales several times to settle, but no further settlement or agreement with Dales was ever had. The plaintiff proved his claim for work done and money put into the firm, and board furnished the workmen upon the mill, and showed the assignment of it to him. Upon the foregoing facts, the defendants moved for a nonsuit, on the following grounds: 1. That there was no evidence to charge the defendant Jessie McClagan upon the contract alleged in the complaint. 2. That the defendant John Kennedy could not bind the defendant Jessie McClagan, without her express authority, by an agreement such as is alleged in the complaint, or by such an agreement as the evidence tended to show. 3. Admitting that the defendant Kennedy had power

to bind his co-defendant by the agreement alleged, there was not sufficient evidence to prove any definite arrangement of the partnership accounts of the defendants with Dales, nor any agreement made, such as an action at law could be maintained upon. Upon these points the court charged the jury, in substance, as follows: That although the evidence did not show any agreement on the part of the defendant Jessie McClagan to pay Dales what he had in the mill, yet if the jury found from the evidence an agreement on the part of Kennedy, after Dales had ceased to be a member, to pay him what he had put into the partnership, the plaintiff would be entitled to recover on the account against the defendants jointly; to which ruling the defendants excepted.

The jury found a verdict in favor of the plaintiff for the amount claimed by him. A motion for a new trial was subsequently made, by the defendants, at a special term, and the same was granted.

*Wisner & Seymour,* for the appellant.

*A. M. Bingham,* for the defendants.

*By the Court,* JOHNSON, J. The learned judge was clearly in error, in his charge to the jury, and also in his ruling on the motion for a nonsuit. The proposition in both cases is, that if the defendant Kennedy promised Dales, the retiring partner, after he had left the copartnership, to pay him what he had put in, it was binding upon both defendants, although one of them had no knowledge of any such promise, and never, in any manner, assented to it. This cannot be maintained upon any principle known to the law of partnerships. Dales was an equal partner, and of course was to share in all losses, as well as profits. As the partnership was not to continue for any definite length of time, he had the right to withdraw, and thus dissolve the partnership, at any time he chose. At the time of such withdrawal and dissolution, his rights would

Gansevoort *v.* Kennedy.

be fixed by law. He would be liable to contribute his share to all losses, and could not take out what he had contributed to the partnership funds, until after the account of profits and losses had been adjusted and settled, and all the debts of the copartnership had been fully paid and satisfied, or provided for, by agreement between all the partners. This each partner would have the right to insist upon, and the agreement of two of the partners to the contrary could not possibly bind a third, who was not a party to the agreement. The agreement might, perhaps, be binding upon the parties to it, but the partner not consulted, and who did not become a party to the arrangement, might still insist upon his legal rights, under the partnership agreement. It is quite clear that the agreement of two partners cannot affect the rights of a third, in respect to the partnership agreement, without the assent of the latter. There is nothing to show what the state of the partnership accounts was, at the time of the withdrawal of Dales. It does not appear whether the concern had sustained losses, or accumulated profits, nor whether the property on hand, at a fair valuation, was worth what it had cost. The case seems to have turned wholly upon the right of two partners to bind a third by an agreement for the dissolution of the partnership, and repayment of the funds advanced by one, to which such third partner was not a party. The fact that the promise was made after Dales had withdrawn could not, obviously, affect the principle. Kennedy could not then affect the fixed legal rights existing between Dales and Mrs. McClagan, any more than he could before. He could not deprive her of a right to a settlement of the affairs of the partnership, by his agreement. The promise was in no respect binding upon her, unless made with her knowledge and assent; and the recovery against both defendants is therefore erroneous.

The order granting a new trial should therefore be affirmed.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Smith* and *Johnson,* Justices.]